UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PICARD | : | CIVIL NO. 3:16CV1564(WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| PATRICK TORNEO, *et al.* | : | |
| *Defendants.* | : | DECEMBER 2, 2016 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the above-named defendants hereby file their Answer and Affirmative Defenses to the plaintiff's Amended Complaint, as follows:

1. Denied.

**JURISDICTION**

2. Neither admitted nor denied as this calls for a legal conclusion.

3. Neither admitted nor denied as this calls for a legal conclusion.

**PARTIES**

4. Admitted that one "Michael Picard" appears as plaintiff in this action; as to the remainder, defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

5. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

6. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

7. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

8. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

9. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

10. Admitted that John Barone was employed as a Connecticut State Trooper on September 11, 2015, assigned to the Traffic Services Unit.

11. Admitted that Patrick Torneo was employed as a Connecticut State Trooper on September 11, 2015, assigned to Troop H, Hartford.

12. Admitted that John Jacobi was employed as a Connecticut State Trooper on September 11, 2015, assigned to the Traffic Services Unit.

13. Admitted that on September 11, 2015, troopers Barone, Torneo, and Jacobi were on uniformed duty as Connecticut State Police officers.

14. Neither admitted nor denied as this calls for a legal conclusion.

***The Site of Mr. Picard's September 2015 Protest***

*To the extent that this caption alleges that plaintiff Picard was conducting a "protest" on September 11, 2015, it is denied.*

15. Admitted that Connecticut State Police were conducting a DUI checkpoint on the evening of September 11, 2015, on the entrance ramp to I-84.

2

16. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

17. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

18. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

19. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

20. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

21. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

22. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

23. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

24. Denied.

25. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

26. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

27. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

28. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

29. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

30. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

***Mr. Picard's Protest and Attempts to Record His Treatment***

*To the extent that this caption alleges that plaintiff Picard was conducting a "protest" on September 11, 2015, or that his recording of the incident was substantially impeded, it is denied.*

31. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

32. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

33. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

34. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

35. Denied.

36. Denied.

37. Admitted that there was at least one report of an individual "waving a gun around in his hand holding a sign." As to the remainder it is denied as incomplete and/or accurate.

38. Denied.

39. Denied as incomplete and/or inaccurate.

40. Denied as incomplete and/or inaccurate.

41. Denied.

42. Admitted that Trooper Barone shouted that he had a gun; as to the remainder, it is denied.

43. Admitted that Trooper Barone removed the loaded firearm from plaintiff's possession for officer safety and took possession of what appeared to be a pistol permit.

44. Neither admitted nor denied as this calls for a legal conclusion.

45. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

46. Admitted.

47. Admitted that after Trooper Barone secured plaintiff's handgun and permit, he and Trooper Jacobi met with Trooper Torneo at Trooper Torneo's cruiser and discussed whether to arrest plaintiff or merely issue a Complaint Ticket for an infraction.

### *The Defendants Continue to Interfere with Mr. Picard's Recording*

*To the extent that this caption alleges that Troopers Barone, Torneo, and Jacobi substantially impeded plaintiff's recording, it is denied.*

48. Denied as to the allegation that Trooper Barone threw plaintiff's camera to the ground; as to the remainder, defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

49. Admitted that at one point during the September 11, 2015 encounter, Trooper Barone, upon noticing plaintiff with what appeared to be a camera in hand, walked over to him.

50. Admitted that at one point during the September 11, 2015 encounter, Trooper Barone told plaintiff that it was illegal to take his picture and secured the plaintiff's camera.

51. Denied that plaintiff asked for his camera back; admitted that at one point during the September 11, 2015 encounter, Trooper Barone told plaintiff that it was illegal to take his picture without permission to do so.

52. Defendants lack knowledge or information sufficient to form a belief as to the manner and means plaintiff employed to distort the accuracy of the video recording designated as Exhibit C by omission or addition, and therefore leave the plaintiff to his proof.

53. Denied.

54. Neither admitted nor denied, as this allegation is contradictory and confusing.

55. Denied as incomplete and/or inaccurate.

6

56. Admitted that Trooper Barone placed plaintiff's camera on the roof of Trooper Torneo's cruiser and did not turn it off.

57. Admitted.

58. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

59. Admitted.

60. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

61. Admitted that Trooper Torneo's cruiser spotlight was on throughout the evening of September 11, 2015, as a matter of routine police practice; as to the remainder, it is denied.

### *The Defendants Fabricate Criminal Charges against Mr. Picard*

*To the extent this caption alleges misconduct by troopers Barone, Torneo, and Jacobi, it is denied as the troopers had probable cause to both cite Picard for an infraction and arrest him for a criminal offense.*

62. Admitted that the plaintiff's pistol permit was checked and found to be valid; as to the remainder, it is denied.

63. Admitted that on eth evening of September 11, 2015, Trooper Torneo spoke by phone with a Hartford police lieutenant he had worked with at an earlier DUI checkpoint, to determine whether plaintiff had any "grudges."

64. Denied.

65. Admitted.

7

66. Admitted that Trooper Barone said "do you want me to punch a number on this one? We gotta cover our ass" as entry of police activities into the Computer Aided System is required *per* CSP policy.

67. Denied as incomplete and inaccurate.

68. Admitted that Trooper Barone "punched a number" and obtained a case number for this encounter; as to the remainder, it is denied.

69. Admitted.

70. Admitted that troopers Jacobi and Torneo continued to discuss the facts at hand and appropriate charges against plaintiff.

71. Denied.

72. Admitted that troopers Jacobi and Torneo continued to discuss the range of charges applicable to plaintiff's conduct on September 11, 2015.

73. Admitted.

74. Admitted that Trooper Torneo stated that plaintiff should be charged with creating a public disturbance under C.G.S. §53a-181a, and cited the facts supporting same; as to the allegation that this was intended to "formulat[e] a cover story", it is denied.

75. Admitted that Trooper Jacobi concurred with Trooper Torneo's assessment; as to the allegation that the charge of "creating public disturbance" was fabricated, it is denied.

76. Admitted that troopers Torneo and Jacobi discussed whether plaintiff should be cited for an infraction or charged criminally for being on the limited access highway ramp.

77. Admitted that troopers Torneo, Jacobi, and barone disicussed the number of infractions for which a Complaint Ticket could be issued, and eventually charged plaintiff with two.

78. Neither admitted nor denied as the Complaint Ticket issued to plaintiff, designated as Exhibit D, speaks for itself.

79. Admitted that as Trooper Torneo began to drive, plaintiff's camera fell from the roof of his cruiser whereupon Trooper Torneo stopped, retrieved the camera, noted aloud that it was "on," and gave it to Trooper Jacobi to return to plaint, which he did; as to the remainder, it is denied.

80. Denied as incomplete and/or inaccurate.

81. Denied as incomplete and/or inaccurate.

82. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

   ***The Fabricated Criminal Charges are Dismissed.***

*To the extent that this caption alleges that troopers Barone, Torneo, and Jacobi fabricated criminal charges against plaintiff on September 11, 2015, it is denied.*

83. Neither admitted nor denied as this calls for a legal conclusion.

84. Neither admitted nor denied as this calls for a legal conclusion.

9

85. Defendants lack knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

86. Neither admitted nor denied as this calls for a legal conclusion.

**Count 1: Violation of Mr. Picard's First Amendment Right to Receive and Memorialize Information**

87. Denied.

**Count 2:   Violation of Mr. Picard's Fourth Amendment Right against Warrantless Seizure of His Property**

88.  Denied.

**Count 3: Retaliation against Mr. Picard for His Expression**

89. Denied.

**Request for Relief**

90. Neither admitted nor denied as this calls for a legal conclusion.

91. Neither admitted nor denied as this calls for a legal conclusion.

## **AFFIRMATIVE DEFENSES**

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's complaint.

## **FIRST AFFIRMATIVE DEFENSE**

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with a good faith belief that under the circumstances with which they were faced, they were acting lawfully. Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

### THIRD AFFIRMATIVE DEFENSE

Insofar as plaintiff's claims assert any violation of state law, at all times relevant to the complaint, the defendants were state employees whose conduct was within the scope of their duties, and was not wanton, reckless, or malicious. They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

### FOURTH AFFIRMATIVE DEFENSE

Any use of force by the defendants in defense of themselves or others was privileged under Connecticut General Statute §53a-19(a).

### FIFTH AFFIRMATIVE DEFENSE

Any award of money damages to plaintiff as a result of this litigation is subject to seizure by the State of Connecticut pursuant to, *inter alia*, liens pending against him for receipt of social welfare benefits and the costs of his incarceration, in accordance with Conn. Gen. Stat. §§ 17-93 and 94, and §§18-85a, 85b, and 85c.

### SIXTH AFFIRMATIVE DEFENSE

Any injuries, losses or damages which the plaintiff may have incurred as alleged in his complaint, were directly or proximately caused by the plaintiff's own negligence

and/or reckless conduct, which was a substantial factor in producing the alleged injuries and/or damages.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the plaintiff seeks the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

>DEFENDANTS,
>Patrick Torneo, John Jacobi, and
>John Barone
>
>GEORGE JEPSEN
>ATTORNEY GENERAL
>
>BY: /s/ *Carmel A. Motherway*
>Carmel A. Motherway ct23175
>Assistant Attorney General
>110 Sherman Street
>Hartford, CT  06105
>Tel:  (860) 808-5450 Fax: (860) 808-5591
>E-Mail: carmel.motherway@ct.gov

c

## **CERTIFICATION**

I hereby certify that on December 2, 2016, a copy of the foregoing **Answer and Affirmative Defenses** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                                  /s/ *Carmel A. Motherway*
                                                  Carmel A. Motherway
                                                  Assistant Attorney General