UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PICARD | : | CIVIL NO. 3:16CV1564(WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| PATRICK TORNEO, *et al.* | : | |
| *Defendants.* | : | DECEMBER 20, 2016 |

## Joint Report of Parties' Planning Meeting

**Date Complaint Filed:** September 15, 2016
**Date Complaint Served:** October 5, 2016 (John Jacobi), October 6, 2016 (John Barone), October 20, 2016 (Patrick Torneo)
**Date of Defendants' Appearance:** October 12, 2016

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held via email over the course of November and December of 2016. The participants were Dan Barrett and Joseph Sastre for plaintiff Michael Picard, and Carmel Motherway for all defendants.

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

   **A.     Subject Matter Jurisdiction**

Jurisdiction obtains pursuant to 28 U.S.C. § 1331 (federal question jurisdiction.)

   **B.     Personal Jurisdiction**

Personal jurisdiction is uncontested.

### III. Brief Description of Case

#### A. Claims of Plaintiff

Mr. Picard alleges that, while peacefully protesting the police, the defendants prevented him from recording the police performing their duties on a public street, including by seizing his camera. Mr. Picard also alleges that the defendants manufactured criminal charges against him in retaliation for Mr. Picard's exercise of his First Amendment rights.

#### B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants

The defendants deny the material allegations of the Complaint and assert as affirmative defenses that they are entitled to qualified immunity, that plaintiff's Complaint fails to state claims, that they are entitled to common law and statutory immunity for any alleged state law claims, that injuries, losses, and damages were caused by the plaintiff's own negligence and/or reckless conduct, that plaintiff's failure to take appropriate steps to mitigate his alleged injuries and damages requires a proportionate reduction in any award of money damages, and that any award of money damages is subject to seizure by the State of Connecticut pursuant to, *inter alia*, any liens pending against him for receipt of social welfare benefits and the costs of his incarceration, in accordance with Conn. Gen. Stat. §§ 17-93 and 94, and §§18-85a, 85b, and 85c.

### IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that per the defendants' Answer, the following material facts are undisputed:

(1) On September 11, 2015, defendant John Barone was a state trooper employed by the Division of State Police within the Connecticut Department of Emergency Services and Public Protection.

(2) On September 11, 2015, defendant Patrick Torneo was a state trooper employed by the Division of State Police within the Connecticut Department of Emergency Services and Public Protection.

(3) On September 11, 2015, defendant John Jacobi was a state trooper employed by the Division of State Police within the Connecticut Department of Emergency Services and Public Protection.

(4) On September 11, 2015, the defendants were on duty for their employer, and were wearing Connecticut State Police uniforms, badges, and pistols.

(5) On the evening of September 11, 2015, Connecticut state troopers were

operating a DUI checkpoint on the Interstate 84 slip road in West Hartford.

(6) On the evening of September 11, 2015, Trooper Barone pat-frisked Mr. Picard, seized his pistol, and took Mr. Picard's pistol permit out of Picard's pants pocket.

(7) Trooper Barone did not handcuff Mr. Picard, tell him that he was being detained, place him under arrest, or instruct him to sit down or stay in one place.

(8) Trooper Barone placed the plaintiff's camera on the light bar mounted on the roof of Torneo's cruiser, without turning it off.

(9) Neither trooper Jacobi nor trooper Torneo objected to the seizure of the camera, and neither defendant took any action to return the camera to Mr. Picard until after their encounter with him terminated.

(10) The defendants left Mr. Picard's camera on top of Torneo's cruiser, and eventually returned it to Mr. Picard near the end of their encounter. At no time did they examine it, search it, or treat the camera as evidence in any way.

(11) At Torneo's cruiser, the defendants checked Mr. Picard's pistol permit and confirmed that it was valid.

(12) The defendants then issued plaintiff a ticket for two infractions, violating Conn. Gen. Stat. § 53-182 (use of a highway by a pedestrian), and with violating Conn. Gen. Stat. § 53a-181a (creating a public disturbance) for carrying an "exposed loaded side arm in plain view of passing motorists" and because some motorists "complained [that Picard] was holding a weapon in his hand."

(13) After Mr. Picard had been given the tickets, Trooper Torneo drove away from the scene with Mr. Picard's camera still on the light bar of his cruiser. It fell onto the hood of the car, and Torneo stopped and instructed Trooper Jacobi to give the camera back to Mr. Picard. Jacobi did so.

**V.    Case Management Plan**

    **A.    Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    **B. Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of

a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C. Early Settlement Conference
1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.
2. The parties do not request an early settlement conference.
3. The parties prefer a settlement conference with a magistrate judge.
4. The parties do not request a referral for alternative dispute resolution.

### D. Joinder of Parties and Amendment of Pleadings
1. The plaintiff should be allowed until January 21, 2017 to file motions to join additional parties, and to file motions to amend his pleadings.
2. Defendant(s) should be allowed until February 21, 2017 to file motions to join additional parties.

### E. Discovery
1. The parties anticipate that discovery will be needed on the following subjects: all factual issues and liability claims and defenses raised in the Complaint and Answer, and the plaintiff's claimed damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by December 21, 2017.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff(s) will require a total of 5 depositions of fact witnesses and that the defendant(s) will require approximately 5 depositions of fact witnesses. The depositions will commence immediately and be completed by December 21, 2017.

5. Plaintiff does not intend to call expert witnesses at trial, but may call experts in rebuttal, if necessary.

6. Defendants may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than 1 month before the deadline for completing all discovery. Depositions of such experts will be completed by a date not later than the discovery cutoff date.

7. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 21, 2018.

8. Undersigned counsel have communicated regarding the disclosure and preservation of electronically stored information, and will continue to communicate regarding the form in which such data shall be produced, search

terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties will endeavor to discuss and agree to the procedures for the preservation, disclosure and management of electronically stored information.

### F. Dispositive Motions

Dispositive motions will be filed on or before February 21, 2018.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty days of a ruling by the Court on a dispositive motion having the effect of necessitating trial.

### VI. Trial Readiness

The case will be ready for trial within sixty days of a ruling by the Court on a dispositive motion having the effect of necessitating trial.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff:

By___/s/_____ Date: 12/20/2016
Dan Barrett

By___/s/_____ Date: 12/20/2016
Joseph Sastre

Defendants:

By ___/s/_____ Date: 12/20/2016
Carmel A. Motherway

**CERTIFICATION**

I hereby certify that on December 20, 2016, a copy of the foregoing **Rule 26(f) Report** was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                                           /s/ *Carmel A. Motherway*
                                           Carmel A. Motherway
                                           Assistant Attorney General