UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Michael Picard**,
*Plaintiff*

*v.*                                                                                                   No. 16-cv-1564

**Patrick Torneo**, **John Jacobi**, and **John Barone**,
Defendants

**Motion for Contempt**

In this § 1983 action, plaintiff Michael Picard began conducting third-party discovery in November 2016, in relevant part issuing a document subpoena to the Connecticut State Police. The state police refused to comply with the subpoena, citing state evidentiary law, undue burden, overbreadth, and relevance. Because none of the objections suffices to excuse obedience to the subpoena, the court should hold the state police in contempt and order immediate, complete responses.

1. Facts

Mr. Picard alleges that in September 2015, while peacefully protesting a drunk driving checkpoint operated by the Connecticut State Police in West Hartford, the defendants subjected him to several unconstitutional acts. Mr. Picard alleges that the defendants violated his First Amendment right to receive information by interfering with his camera and smartphone use (Count One); contravened his Fourth Amendment right against unreasonable seizure by taking his camera from him (Count Two); and charged him with meritless criminal infractions in retaliation for his activities (Count Three). The only claims advanced by Mr. Picard are federal constitutional ones brought via 28 U.S.C. § 1983, and thus, his suit invokes this Court's federal question jurisdiction.

28 U.S.C. § 1331.

Discovery commenced in November 2016, when Mr. Picard issued two third-party subpoenas. The one issued to the Connecticut State Police requested twelve items. On December 14, 2016, the state police–represented by the same lawyer who represents the defendants here–objected to four of the requests, but did not provide responses to the eight items to which they did not object. Over the ensuing months, plaintiffs' counsel attempted to meet and confer with the state police's counsel in an attempt to narrow the dispute, including by responding in detail to the objections in writing. However, they were rebuffed by counsel's insistence that the plaintiff first enter into a non-negotiable stipulated protective order dealing with trade secrets and competitive business information. This motion followed.

**2.   The Disputed Subpoena Requests and Objections**

Request # 5 seeks "all documents, records, recordings, reports, communications, notes, and drafts pertaining to any investigation of" a citizen complaint about the defendants' behavior that Mr. Picard lodged with the state police shortly after the incident prompting this litigation.[1] The state police objected to Request # 5 by citing a Connecticut state law evidentiary privilege against production of police records, and by claiming that the requested information would not be available under Connecticut's public records act.[2]

Requests # 6 seeks "the complete disciplinary histories of Patrick Torneo, John Jacobi, and John Barone." Request # 7 seeks "all records concerning any citizen complaints lodged against Patrick Torneo, John Jacobi, and John Barone." And

---

1   Mr. Picard's subpoena is attached to this motion as Appendix A.
2   *See* State Police Objections 4 (attached as Appendix B).

Request # 9 seeks "all records showing instances in which the behavior of [each defendant] formed the basis of a pre-litigation demand." The state police objected to all three requests as being "overly broad as to subject matter and time period,"[3] as well as suggesting in a single sentence that responsive information would be irrelevant to Mr. Picard's claims.[4]

Request # 8 seeks "instances in which [each defendant] were or are parties to lawsuits, or in which the behavior of [each defendant] formed the basis of a claim presented to the Connecticut Claims Commissioner."[5] The state police objected to this request by claiming undue burden and by contending that the information is equally available to Mr. Picard as it is to the state police.[6]

### 3. Each of the State Police Objections is Meritless, So the Agency Must be Held in Contempt and Ordered to Obey Mr. Picard's Subpoena

"Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45(a)(1) advisory comm. note (1991 revision). Hence, this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena" issued in an action before it. Fed. R. Civ. P. 45(g).

#### 3.1 State Evidentiary Privileges Do Not Apply to Federal Question Suits Like This One

The objection to Request # 5 is easily dealt with. Federal common law

---

3   App. B at 5.
4   App. B at 5.
5   App. A at 2.
6   App. B at 6.

3

governs evidentiary privileges in federal question cases.  Fed. R. Evid. 501.  *Accord Woodward Governor Co. v. Curtiss-Wright Flight Sys.*, 164 F.3d 123, 126 (2d Cir. 1999) ("[Q]uestions about privilege in federal question cases are resolved by the federal common law."); *Grenier v. Stamford Hosp. Stamford Health Sys.*, No. 14-cv-970, 2016 WL 3951045, at *2 (D. Conn. July 20, 2016) ("As a general rule, federal law governs the existence of a privilege in a civil action in which federal law supplies the rules of decision.").  In this litigation, Mr. Picard poses three federal constitutional claims.  Because the Court's "subject matter jurisdiction is based on a federal question, privilege issues are governed by federal common law," and state law evidentiary objections are non sequiturs.  *Vidal v. Metro-North Commuter Ry.*, No. 12-cv-248, 2014 WL 413952, at *3 (D. Conn. Feb. 4, 2014).  The state police should therefore be ordered to produce documents responsive to Request # 5.

### 3.2  Requests ## 6-9 are Designed to Turn Up Evidence of Similar Past Bad Acts by Each Defendant, the Ultimate Evidence of Which is Admissible

Although the objections are undeveloped and terse, the state police generally contend that Requests ## 6-9 are overly broad and perhaps irrelevant to Mr. Picard's claims.  Because Mr. Picard need not show evidentiary relevance, the state police failed to prove overbreadth in their objections, and the information sought bears on the defendants' past practices, the objections are insufficient to prevent production.

To begin with, subpoenas issued under Rule 45 occupy the same scope as discovery requests to parties under Rule 26 and its supplementary rules.  *E.g., Addona v. Parker Hannifin Corp.*, No. 13-cv-1616, 2014 WL 788946, at *1 (D. Conn. Feb. 25, 2014) (collecting cases).  So objections to a subpoena must account for the fact that the

4

issuer is not bound by evidentiary relevance.  Instead, Fed. R. Civ. P. 26(b)(1) requires production "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Accord Benjamin v. Oxford Health Insurance, Inc.*, No. 16-cv-408, 2017 WL 772328, at * 4 (D. Conn. Feb. 28, 2017) (citing Rule 26(b)(1) and explaining that "relevance, in discovery matters, is generously construed.").

When it comes to the breadth of a subpoena, the entity resisting compliance "must specifically show how [the] requests and questions are overly broad," by supporting the objection with affidavits or evidence proving the objection.  *Sullivan v. StratMar Sys., Inc.*, 276 F.R.D. 17, 20 (D. Conn. 2011).  This Court typically summarily overrules overbreadth objections made without such support.  *See, e.g., Allstate Ins. Co. v. Kirshner*, No. 12-cv-1262, 2015 WL 3620234, at *5 (D. Conn. June 9, 2015) (granting motion to compel where "defendant has done no more than object on the basis of the requests being too 'broad' and 'vague[.]'").

In a § 1983 police misconduct action such as this one, Requests 6 through 9 are targeted requests for information that are designed to illuminate a path to admissible evidence.  Collectively, the requests seek information showing whether the defendants' past performance as state troopers included the commission of civil rights violations, because that information can be used to show intent.  Requests ## 6-9 will lead to witnesses and facts establishing–or not–whether each defendant has had a practice of contravening the constitution in the same manners they did during the September 2015 incident, the ultimate evidence of which would be squarely admissible.  Fed. R. Evid. 404(b)(2).[7]  *See, e.g., Williams v. City of Hartford*, No. 15-cv-933, 2016 WL 1732719, at

---

7   Additionally, in Count Three of his complaint, Mr. Picard alleges that the defendants committed First Amendment retaliation when they laid bogus criminal charges against him as punishment for his protected activities.  On that count, Mr. Picard bears the burden of proving the defendants' intent.  *E.g., Velez v. Levy*, 401 F.3d 75, 97 (2d Cir. 2005).

5

\*12 (D. Conn. May 2, 2016) (overruling defense objections to producing disciplinary records, and collecting cases); *Frails v. City of New York*, 236 F.R.D. 116, 117-118 (E.D.N.Y. 2006) (overruling defense objections to producing citizen complaints, and rejection time limitations on discoverability of such records).  Such information "encompass[es] [a] matter that bears on . . . [an] issue that is or may be in the case," and the state police must therefore be ordered to obey Mr. Picard's subpoena.  *In re Priceline.com Inc. Securities Litig.*, 233 F.R.D. 83, 85 (D. Conn. 2005).

### 3.3    The State Police Have Not Proven that Responding to Request # 8 Would Involve Undue Burden

As to Request # 8, the state police objection of undue burden is untenable because it lacks any factual support.  An entity objecting to discovery is responsible for proving undue burden.  *E.g., Michanczyk v. Metro. Life Ins. Co.*, No. 05-cv-1903, 2007 WL 926911, at \*2 (D. Conn. Mar. 26, 2007).  Undue burden must be proven by competent evidence, such as affidavits describing the burden of compliance.  *E.g., Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y. 1994).  As a result, claims of burden based on nothing more than "[m]ere allegations of burdensomeness," *Johnson v. McTigue*, 122 F.R.D. 9, 11 (S.D.N.Y. 1986), are routinely turned aside by this Court as a matter of law.  *See, e.g., Public Service Ins. Co. v. Mount View Realty, LLC*, No. 15-cv-740, 2016 WL 4697717, at \*2 (D. Conn. Sep. 7, 2016; *Tourtelotte v. Anvil Place Master Tenant, LLC*, No. 11-cv-1454, 2012 WL 5471855 at \*2 (D. Conn. Nov. 9, 2012); *Coale v. Metro North RR. Co.*, No. 09-cv-2065, 2011 WL 1870237, at \*3 (D. Conn. May 16, 2011).

The Court should do the same in this dispute.  The state police have claimed in a single sentence that responding to Request # 8 would "subject [the state police] to undue burden," offering no proof beyond a single conclusory statement.  Mr. Picard

6

cannot shadowbox with vaguaries in order to conduct discovery.  The objection must be turned aside.

### 3.4 The State Police May Not Refuse Obedience to Request # 8 on the Basis that Information About Demands and Suits Against the Defendants is Equally Available to Mr. Picard

Objecting to Request # 8 of the subpoena, the state police claim that the agency should not be made to respond because information about the occasions on which the defendants' behavior has generated demands or lawsuits is equally available to Mr. Picard as it is to the agency.  The objection fails for two reasons.

First, this Court, with an extensive collection of authority, has frowned on the 'equally available' objection as flatly "insufficient to resist a discovery request." *Charter Practices Int'l, LLC v. Robb*, No. 12-cv-1768, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) (granting motion to compel over such objection).  *But see Young v. McGill*, No. 09-cv-1186, 2013 WL 5962090, at *6 (D. Conn. Nov. 6, 2013) (citing a treatise and a legal encyclopedia for the opposite conclusion).

Moreover, the state police objection has no truth to it: a comprehensive accounting of the occasions on which Barone, Jacobi, or Torneo's behavior has generated demands or suits is exceedingly difficult for Mr. Picard to assemble.  For claims against Torneo, Barone, or Jacobi that have spawned litigation in this Court, Mr. Picard has reasonably good access to records filed via CM/ECF, at least dating back to the Court's implementation of the system.  But there is no publicly browsable online database of demands against any of these defendants that were resolved prior to filing suit, regardless of whether the demands were made pursuant to state or federal law, or whether the putative plaintiff planned to file in the state trial court or this one.  Worse,

7

when a state tort law dispute against a state employee is not resolved prior to a formal filing, finding records of such disputes is very difficult.

To begin with, state employees alleged to have committed on-the-job torts in anything other than a "wanton, reckless or malicious" manner may not be named as defendants to claims for recompense. Conn. Gen. Stat. § 4-165(a). Instead, Connecticut is the only proper defendant. *Id.* So, state law disputes involving Torneo, Barone, or Jacobi as the bad actors will be captioned with Connecticut as the defendant, making publicly available dockets an ineffective source of locating records.

And at any rate, few state law tort claims springing from the misbehavior of state police will get to the superior court, on account of Connecticut's state tort claims procedure. Under it, most claims against the state (as voluntary stand-in defendant for a wrongdoing employee) must be filed with an executive branch official, the Office of the Claims Commissioner. *Id.* § 4-142(a).[8] A person dismissed by the commissioner, or who has sought more than $20,000 and wishes to contest the commissioner's decision on a claim,[9] must "appeal" to the state legislature, and not the courts. *Id.* § 4-158(d). To add a final hurdle to Mr. Picard's quest to locate claims against Barone, Torneo, or Jacobi, the claims commissioner does not presently provide a publicly searchable docket online. *See* Office of the Claims Commissioner, http://das.ct.gov/cc_fp1.aspx?page=487 (last visited March 3, 2017).

But even if a claimant were to be granted permission to file suit against the state

---

8   Some claims are permitted to proceed directly to the superior court, or to the relevant administrative agency. These are "[c]laims for the periodic payment of disability, pension, retirement or other employment benefits;" those for which state law provides a private right of action; "claims for which an administrative hearing procedure otherwise is established by law;" disputes between the state and its municipalities over payment of grants in lieu of taxes; and tax refund suits. Conn. Gen. Stat. § 1-142(a). Additionally, disputes over public works contracts do not need to file with the commissioner, *id.* § 4-61, nor do defective highway claims, *id.* § 13a-144, suits based on the state's Personal Data Act, *id.* § 4-197, suits pressing the rights of psychiatric patients, *id.* § 17a-550), and causes stemming from the operation of state-owned vehicles. *Id.* § 52-556).
9   The commissioner may dismiss the claim, order payment up to $20,000, authorize the injured person to sue Connecticut in the superior court, or, recommend to the legislature that the injured person be paid more than $20,000. Conn. Gen. Stat. § 4-158(a).

(on behalf of Jacobi, Barone, or Torneo) in the Connecticut Superior Court, records of such suits can disappear quickly. Connecticut's civil rules permit the superior court to destroy the files of cases one year after a dismissal or satisfaction of the judgment. Conn. R. Super. Ct. § 7-10.

For all of those reasons, Mr. Picard is in a far inferior position to the state police when it comes to locating instances in which Jacobi, Torneo, or Barone's behavior has generated pre-filing demands, or litigation. The state police must accordingly be made to obey Mr. Picard's subpoena and respond to Request # 8.

| /s/ Dan Barrett | /s/ Joseph R. Sastre |
|---|---|
| Dan Barrett (# ct29816) | Joseph R. Sastre (# ct28621) |
| ACLU Foundation of Connecticut | The Law Office of Joseph R. Sastre, LLC |
| 765 Asylum Avenue, 1st Floor | 67 Chestnut Street |
| Hartford, CT 06105 | Bristol, CT 06010 |
| (860) 471-8471 | (860) 261-5643 |
| e-filings@acluct.org | joseph.sastre@gmail.com |

March 6, 2017
*Counsel for Mr. Picard*

9

## Certificate of Service

I certify that a copy of foregoing was filed electronically on March 6, 2017. Notice of this filing will be sent by e-mail to all parties, and to the state police's counsel, Carmel Motherway, by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                ___/s/ Dan Barrett____
                                                    Dan Barrett