# Appendix B
State Police Objections to Mr. Picard's Subpoena

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL PICARD<br>*Plaintiff,* | CIVIL NO. 3:16CV1564(WWE) |
| V. | |
| PATRICK TORNEO, *et al.*<br>*Defendants.* | DECEMBER 14, 2016 |

## COMMISSIONER SCHRIRO'S AND DEFENDANT TROOPERS' OBJECTIONS TO PLAINTIFF'S SUBPOENA DUCES TECUM

Now come non-party Connecticut State Police Commissioner Dora B. Schriro and defendant troopers Patrick Torneo, John Jacobi, and John Barone,[1] pursuant to Federal Rule of Civil Procedure Rule 45(d)(2)(B), and respectfully object to paragraphs 5 through 9 of plaintiff's subpoena *duces* tecum, commanding the Commissioner to appear before the ACLU Foundation of Connecticut, 765 Asylum Avenue, Hartford, Connecticut on January 3, 2017, and bring with her certain documents. **See Subpoena to Produce Documents, Exhibit 1, attached.**

---

[1] As persons directly affected by the plaintiff's subpoena seeking, *inter alia*, records of investigations, disciplinary histories, citizen complaints, and claims, encompassing wholly unsubstantiated allegations, defendants Torneo, Jacobi, and Barone have standing to be heard in objection to the release of same pursuant to this subpoena. Each has "a personal right or privilege regarding the subject matter of the subpoena. *See Jacobs v. Conn. Cmty. Tech. Colls.,* 258 F.R.D. 192, 194-95 (D.Conn.2009); *Weinstein v. Univ. of Conn.,* No. 11-cv-1906(WWE), 2012 WL 3443340, at *2 (D.Conn. Aug. 15, 2012).

1

The specific items to which the Commissioner and defendants object are enumerated therein as

**5.** all documents, records, recordings, reports, communications, notes, and drafts pertaining to any investigation of a complaint submitted by Michael Picard on, after, or about September 12, 2015;

**6.** the complete disciplinary histories of Patrick Torneo, John Jacobi, and John Barone;

**7.** all records concerning any citizen complaints lodged against Patrick Torneo, John Jacobi, and John Barone;

**8.** all records showing instances in which Patrick Torneo, John Jacobi, and/or John Barone were or are parties to lawsuits, or in which the behavior of Patrick Torneo, John Jacobi, and/or John Barone formed the basis of a claim presented to the Connecticut Claims Commissioner;

**9.** all records showing instances in which the behavior of Patrick Torneo, John Jacobi, and/or John Barone formed the basis of a pre-litigation demand....

*Id.*

## FACTS

Plaintiff Michael Picard brought suit against troopers Torneo, Jacobi, and Barone, alleging that on September 11, 2015, they (1) interfered with his First Amendment right to "receive and memorialize information" when they interfered with his attempts to use his camera and smartphone to record the troopers' activities; (2) violated his Fourth Amendment right "against warrantless seizure of his property" when they took possession of his camera, "detaining it without a search warrant or any reasonable suspicion that the camera contained evidence of a crime or was itself contraband"; and (3) retaliated against plaintiff Picard by "detaining, searching, confiscating his belongings, and charging [him] with fabricated criminal infractions, thereby violating his

2

"First Amendment right to document and protest government activity." See Doc. 1, Complaint, pp. 11-12, ¶¶ 87-89. Plaintiff's Complaint incorporated as an exhibit a "video recording from camera seized by the defendants (filed on disc with the clerk's office, in both QuickTime and MP4 file formats)." *Id.*, p. 16.

## OBJECTION

While the court interprets liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist. For instance, Rule 26(c) provides that, upon a showing of good cause, the presiding court "may issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1). "Ordinarily, good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001,* 454 F.Supp.2d 220, 222 (S.D.N.Y.2006) (quoting *Shingara v. Skiles,* 420 F.3d 301, 306 (3dCir.2005). "To establish 'good cause' under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Burgess v. Town of Wallingford,* No. 3:11-CV-1129(CSH), 2012 WL 4344194 at *6 (D.Conn. Sept. 21, 2012) quoting *Havens v. Metro. Life Ins. Co.,* No. 94-cv-1402(CSH), 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995).

Plaintiff's **subpoena request (5)**, is overly broad – both as to subject matter and time period. Plaintiff seeks "*all* documents, records, recordings, reports, communications, notes, and drafts pertaining to *any* investigation of a complaint

3

submitted by Michael Picard on, after, or about September 12, 2015." Emphases added. The gravamen of plaintiff Picard's Complaint is that the defendant troopers unlawfully seized his camera and cell phone, in violation of his First and Fourth amendment rights, and *fabricated* charges against him in retaliation for his exercise of his rights.

Fabrication of criminal charges against a citizen is a crime. Any CSP investigation of the defendant troopers would have necessarily involved a determination as to whether a crime had been committed. Connecticut courts have long recognized that information in the possession of law enforcement agencies gathered in the course of their official duties is protected by a qualified law enforcement privilege. *Seebeck v. State*, 246 Conn. 514, 546 (1998) (information disclosed to a State's Attorney for the purpose of enabling him to perform the duties of the office is privileged upon grounds of public policy, and an adverse party has no right to demand its production). "The reason for this privilege is to aid the State's Attorney and the police in conducting investigations by encouraging people to disclose information without fear or embarrassment." *Id.* quoting *State v. Zimmaruk*, 128 Conn. 124, 127 (1941).

Plaintiff Picard is not a defendant in any pending criminal matter arising from the incident of September 11, 2015. Thus, all we have here is a discovery request by a plaintiff in a *civil* action, not a *defendant* in a *criminal* action. Plaintiff's right to discovery in a civil action is less fundamental than a criminal defendant's constitutional right " 'to present a meaningful defense.' " *In re Terrorist Bombings,* 552 F.3d at 126 (quoting

4

*Aref*, 533 F.3d at 79). *In re The City of New York*, 607 F.3d at 936 (emphases in original).

Lastly, even Connecticut's otherwise far-reaching Freedom of Information Act gives special consideration to "records compiled in connection with the detection or investigation of crime." *See* Conn. Gen. Stat. § 1-200, *et seq.* FOIA specifically exempts disclosure of such records under certain circumstances, if the disclosure of such records "would not be in the public interest...." Conn. Gen. Stat. § 1-210(3).

Plaintiff's subpoena **subpoena requests (6), (7), and (9)** seeking "complete disciplinary histories," "all records concerning any citizen complaints," and "all records showing instances in which the behavior of [defendant troopers] formed the basis of a pre-litigation demand" are likewise overly broad as to subject matter and time period.

"Discovery of information regarding any and all complaints against [] defendant[] [officers] is not warranted." *Osborne v. Vasquez*, Civ. No. 3:12cv213(JCH), 2013 WL 995070, at *3 (D. Conn. Mar. 11, 2013); accord *Dickinson v. Mesham*, Civ. No. 3:05cv1093(WWE), 2006 WL 1600961, at *1 (D. Conn. June 5, 2006) (holding that where claim is use of excessive force during one particular incident, details of possible prior, unrelated matters are not relevant). Plaintiff is only entitled to relevant information. Fed. R. Civ. P. 26(b)(1). Much of the information and records responsive to the subpoena requests numbered 5 through 9 is simply irrelevant to plaintiff's claims against the troopers. Moreover, F.R.E. 404(b)(1) p*rohibits* use of "[e]vidence of a crime, wrong, or other act... to prove a person's character in order to show that on a particular

occasion the person acted in accordance with the character." Evidence of prior bad acts (or uncharged misconduct) is therefore presumptively inadmissible to prove propensity.

The information that plaintiff Picard seeks in **subpoena request (8)**, "all records showing instances in which [defendant troopers] were or are parties to lawsuits, or in which [their] behavior formed the basis of a claim …to the …Claims Commissioner," is equally available to the plaintiff having the same access to the court dockets and Claims Commission records as the Commissioner. To require the Commissioner to search publicly accessible docket entries is to subject her to undue burden. See, Fed. R. Civ.P. 45(c)(3)(A)(iv).

## CONCLUSION

For all of the foregoing reasons, Commissioner Schriro and the defendant troopers Torneo, Jacobi, and Barone respectfully object to plaintiff's subpoena *duces tecum* requests numbered 5 through 9, and request that plaintiff's counsel meet and confer regarding narrowing the scope of plaintiff's subpoena.

Respectfully submitted by,

                              DORA B.SCHIRO, and
                              TROOPERS TORNEO,
                              JACOBI, and BARONE

                              GEORGE JEPSEN
                              ATTORNEY GENERAL

                              /s/_____
                              Carmel A. Motherway ct23175
                              Assistant Attorney General
                              110 Sherman Street
                              Hartford, CT 06105

Ph: (860) 808-5450/Fax: (860) 808-5591
E-Mail: carmel.motherway@ct.gov

## CERTIFICATION

I hereby certify that on December 14, 2016, I served a copy of the foregoing **Objection** upon plaintiff's counsel *via* e-mail.

/s/_____
Carmel A. Motherway
Assistant Attorney General