UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PICARD | : | CIVIL NO. 3:16CV1564(WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| PATRICK TORNEO*, et al.* | : | |
| *Defendants.* | : | MARCH 10, 2017 |

## **DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Now comes undersigned counsel and respectfully moves that the Court enter the proposed Protective Order as the operative document limiting the dissemination of confidential documents. *See* Exhibit 1, proposed Protective Order and Exhibit A, Acknowledgement to Be Bound by Protective Order, appended hereto. Defendants respectfully submit that entry of the attached Protective Order will serve to ensure that sensitive materials provided in discovery will not be released into the public domain, whether such materials are produced in response to subpoena, interrogatories, or requests for production.

The proposed Protective Order sets forth procedures for designating certain material as confidential, for disclosing confidential material to appropriate parties, and for applying to the Court for relief in the unlikely event that counsel cannot agree on implementation of the Protective Order despite their good faith efforts. The public has a common law presumptive right of access to "judicial documents," which are items filed with the Court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d

Cir.2006) (quoting *United States v. Amodeo ("Amodeo I")*, 44 F.3d 141, 145 (2d Cir.1995)). This presumptive right of access is at its height with respect to items that directly affect an adjudication. *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 140 (2d Cir.2004). Discovery materials lie at the other end of the spectrum unless and until they are "presented to the court to invoke its powers or affect its decisions." *See United States v. Amodeo ("Amodeo II"),* 71 F.3d 1044, 1050 (2d Cir.1995). As the Supreme Court has explained,

> pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law ... and, in general, they are conducted in private as a matter of modern practice.... Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.

*Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984).

Here, the plaintiff is seeking such items as "the complete disciplinary histories" of the defendant state troopers; "all records of citizen complaints lodged against" the defendant troopers; the telephone number, telecommunications carrier and International Mobile Subscriber Identity number of "each cellular telephone number" that the troopers own; "all logs" showing the calls and SMS messages ingoing and outgoing for each of the cell telephones that the troopers own; "all e-mails, Tweets, Facebook posts, social media comments, text or voice messages, instant messages, photos, written or recorded statements or any other communications, relating to any of the events…or allegations in Mr. Picard's complaint and/or this lawsuit;" "all documents and communications relating to the State Police internal affairs investigation of Mr. Picard's complaint about the events at the checkpoint;" "logs of all calls for State Police service

2

in West Hartford" from 6 p.m. to 11 p.m. on September 11, 2015; and "all reports, notes, logs, and/or electronic records …including, but not limited to…electronic data base entries, and or Connecticut On-Line Law Enforcement Communications Teleprocessing COLLECT) entries.

The proposed Protective Order is identical to the Stipulated Protective Orders entered by this Court on 02/15/2017 in *Crespo v. Beauton, et al.,* 3:15cv412-WWE, and by another Court on 10/14/2016 in the matter of *Pierce v. Murphy, et al.,* 3:14cv725-RNC. Of note, competent counsel for both plaintiffs stipulated to this Order. The attached Protective Order provides that any person, firm, or organization privy to CONFIDENTIAL information and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY agrees to the jurisdiction of this Court in any proceedings relating to performance under the agreement, and understands that sanctions may include an order of contempt for failure to comply with the Order. *See* Exhibit 1, attached, ¶12, and Exhibit A, appended thereto. The Order includes a requirement that parties attempt to resolve any issue regarding the designation or non-designation of an item as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY informally before presenting the dispute to the Court, *Id.* ¶14. The parties' Order also requires that all confidential information be destroyed within sixty (60) days of the final termination of this litigation. *Id.* ¶23.

On January 6, 2017, undersigned counsel provided plaintiff's counsel with the attached Protective Order, in an attempt to obtain the filing of same by stipulation, as is the normal course. Plaintiff's counsel countered on February 9, 2017, with a version that largely eviscerated the protections provided in the defendants' proposal. It is undersigned counsel's position that nothing short of the entry of the proposed Protective

3

Order will serve to ensure that the information defendants produce will be used solely for purposes of this action. Protection of the State Police from unwarranted release of law enforcement operations records that are security related and the state troopers from release of information that is highly personal in nature is of paramount importance.

Undersigned counsel respectfully requests that the Court enter the proposed Protective Order. The provisions of the Order address the heightened concerns surrounding the production to plaintiff of information that relates to the operations of the Connecticut State Police and private records containing sensitive information relating to the three state troopers.

Respectfully submitted by,

        DEFENDANTS
        Patrick Torneo, *et al.*

        GEORGE JEPSEN
        ATTORNEY GENERAL

        /s/_____
        Carmel A. Motherway ct23175
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        T (860) 808-5450 F (860) 808-5591
        carmel.motherway@ct.gov

## **CERTIFICATION**

I hereby certify that on March 10, 2017, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/_____
Carmel A. Motherway
Assistant Attorney General