UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PICARD | : | CIVIL NO. 3:16CV1564(WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| PATRICK TORNEO*, et al.* | : | |
| *Defendants.* | : | MARCH 27, 2017 |

## COMMISSIONER SCHRIRO'S AND DEFENDANT TROOPERS' OBJECTION TO PLAINTIFF'S MOTION FOR CONTEMPT

Now come non-party Connecticut State Police Commissioner Dora B. Schriro and defendant troopers Patrick Torneo, John Jacobi, and John Barone,[1] pursuant to Federal Rule of Civil Procedure Rule 45(g), and respectfully object to March 6, 2017 Motion for Contempt. *See* Doc. No. 15.

Plaintiff served a subpoena *duces* tecum upon the Commissioner on December 6, 2016, commanding her to appear before the ACLU Foundation of Connecticut, 765 Asylum Avenue, Hartford, Connecticut on January 3, 2017, and bring with her certain documents. **See Subpoena to Produce Documents, Exhibit 1, attached.** Commissioner Schriro and troopers Torneo, Jacobi, and Barone served their objections to the subpoena on December 14, 2016. **See 12/14/2016 Objections, Exhibit 2,**

---

[1] As persons directly affected by the plaintiff's subpoena seeking, *inter alia*, records of investigations, disciplinary histories, citizen complaints, and claims, encompassing wholly unsubstantiated allegations, defendants Torneo, Jacobi, and Barone have standing to be heard in objection. Each has "a personal right or privilege regarding the subject matter of the subpoena. *See Jacobs v. Conn. Cmty. Tech. Colls.,* 258 F.R.D. 192, 194-95 (D.Conn.2009); *Weinstein v. Univ. of Conn.,* No. 11-cv-1906(WWE), 2012 WL 3443340, at *2 (D.Conn. Aug. 15, 2012).

**attached.** The Commissioner and troopers raised the issue of protection from "annoyance, embarrassment, oppression or undue burden or expense" *per* Fed.R.Civ.P. 26(c)(1). *Id.*

Of signal import here, the plaintiff has demonstrably elected to try his case in the media. As of today, a simple Google search of "Connecticut state police fabricating evidence youtube" produces 360,000 results containing spliced and edited audio-videos. ***See* the 03/27/2017 three page Google search, Exhibit 3, attached.** Plaintiff appears to have created and uploaded some himself, with the intent and effect of poisoning the jury pool by creating false and deceptive depictions of the actions of the three named troopers. ***Id., see* Michael Picard: Firearms Fear and Loathing in Connecticut – the Truth About Guns http://www.thetruthaboutguns.com/2016.** Lastly, plaintiff took the unusual step of attaching an audio video recording to the Complaint he filed on September 15, 2016. *See* Doc. 1, Exhibit C.

The gravamen of plaintiff Picard's Complaint is that the defendant troopers unlawfully seized his camera and cell phone, in violation of his First and Fourth amendment rights, and *fabricated* charges against him in retaliation for his exercise of his rights. Fabrication of criminal charges against a citizen is a crime. Without a protective order in place, the Commissioner and troopers have no recourse when plaintiff disseminates materials provided in discovery. It is written that "who steals my

purse steals trash; 'tis something, nothing…but he that filches from me my good name robs me of that which not enriches him, and makes me poor indeed."[2]

Mindful of this, undersigned counsel began the process of obtaining what has heretofore been a standard form stipulated protective order before turning over any items responsive to plaintiff's subpoena. On January 6, 2016, undersigned counsel submitted a proposed stipulated order. **See 01/06/2017 5:41 PM e-mail, Exhibit 4, attached.** Orders identical to this have been entered by stipulation between the parties, most recently 02/15/2017 in *Crespo v. Beauton, et al.,* 3:15cv412-WWE, and on 10/14/2016 in the matter of *Pierce v. Murphy, et al.,* 3:14cv725-RNC. The proposed Stipulated Protective Order provides that any person, firm, or organization privy to CONFIDENTIAL information and/or CONFIDENTIAL-ATTORNEY'S EYES ONLY agrees to the jurisdiction of this Court in any proceedings relating to performance under the agreement, and *understands that sanctions may include an order of contempt for failure to comply with the Order.* **See Exhibit 4, ¶12, and Exhibit A, appended thereto.** The Order also requires that all confidential information be destroyed within sixty (60) days of the final termination of this litigation. *Id.* ¶23.

On February 2, 2017, undersigned counsel once again requested a signed protective order, as a precursor to engaging in any call regarding the subpoena. **See 02/02/2017 1:13 PM e-mail, Exhibit 5, attached.** Plaintiff's counter-proposal eviscerated the protections afforded the Commissioner and troopers under the

---

[2] *Othello Act 3, scene 3, 155–161*

Stipulated Protective Order that undersigned counsel had proposed back on January 6, 2017. ***See and compare* 02/09/2017 4:23 PM e-mail, Exhibit 6, attached with Exhibit 4.** Undersigned counsel wrote plaintiff's counsel on February 14, 2017, declining plaintiff's counter-proposal, as "the stipulated protective order I submitted for your signature affords far more protection than the revisions you have made…." ***See* 02/14/2017 6:19 PM e-mail, Exhibit 7, attached.** Upon receiving a response from plaintiff's counsel, undersigned counsel reiterated that "the suggestions you make lessen the protections afforded the defendants…." ***See* 02/16/2017 11:42 AM e-mail, Exhibit 8, attached.**

Thereafter, undersigned counsel fell ill with the flu, which lasted over 10 days. ***See* 03/02/2016 11:42 AM e-mail, Exhibit 9, attached.** Upon returning to work late in the day on March 6, 2017, undersigned counsel noted the plaintiff's filing that same day of the Motion for Contempt subject here. *See* Doc. No. 15. Undersigned counsel thereafter filed Defendants' Motion for Entry of Protective Order on March 10, 2017. *See* Doc. No. 16. Counsel respectfully requests permission of the Court to adopt and incorporate the facts and arguments made therein into the defendants' objection made here.

Whether by subpoena to the Commissioner or interrogatories and requests for production directed to the troopers, the plaintiff seeks such items in discovery as "the complete disciplinary histories" of the defendant state troopers; "all records of citizen complaints lodged against" the defendant troopers; the telephone number, telecommunications carrier and International Mobile Subscriber Identity number of

"each cellular telephone number" that the troopers own; "all logs" showing the calls and

SMS messages ingoing and outgoing for each of the cell telephones that the troopers

own; "all e-mails, Tweets, Facebook posts, social media comments, text or voice

messages, instant messages, photos, written or recorded statements or any other

communications, relating to any of the events…or allegations in Mr. Picard's complaint

and/or this lawsuit;" "all documents and communications relating to the State Police

internal affairs investigation of Mr. Picard's complaint about the events at the

checkpoint;" "logs of all calls for State Police service in West Hartford" from 6 p.m. to 11

p.m. on September 11, 2015;  and "all reports, notes, logs, and/or electronic records

…including, but not limited to…electronic data base entries, and or Connecticut On-Line

Law Enforcement Communications Teleprocessing COLLECT) entries.

   None of the foregoing has any place being uploaded to Youtube. Privacy and

security issues abound. The plaintiff's evident intent to "poison the jury pool" cannot go

unchecked. *See* Somebody Poisoned the Jury Pool: Social Media's Effect on Jury

Impartiality, 19 Tex. Wesleyan L. rev. 809, Spring 2013. The defendants, even as "civil

litigants [have a] right to a trial by an impartial jury …[as] guaranteed by the United

States Constitution. Although the Seventh Amendment preserves the right of trial by jury

in civil cases, it does not expressly provide for the jury's impartiality. Yet the impartiality

of the jury is inherent in the right of trial by jury and is implicit in the requirement of the

Fifth Amendment that no person shall ... be deprived of life, liberty, or property, without

due process of law. *Olson v. Bradrick*, 645 F. Supp. 645, 653 (1986) (internal quotations

omitted); (quoting *Kiernan v. Van Schaik*, 347 F.2d 775, 778 (3rd Cir. 1965); *see also*

*McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 554 (1984).

""It is the role of a district court to safeguard a litigant's constitutional right to an

impartial jury during all stages of trial, commencing with jury selection and ending when

the jury returns its verdict.'' *Smith v. Phillips.* 455 U.S. 209, 217 (1982); *see also Olson*,

645 F. Supp. at 653." "Due process means a jury capable and willing to decide the case

solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial

occurrences and to determine the effect of such occurrences when they happen.''

*Olson,* 645 F. Supp at 653. Only when the jury's collective judgment is the product of a

trial by an impartial trial of fact, capable and willing to follow the law and render an

impartial verdict on the evidence, is this constitutional right guaranteed. *United States v.*

*Powell*, 469 U.S. 57, 66-67 (1984).

**CONCLUSION**

For all of the foregoing reasons, undersigned counsel respectfully urges this

Court to consider that continued urging for entry of a Protective Order containing

sanctions including imposition of contempt and requiring destruction of confidential

materials be held not to constitute an act of contempt.

Respectfully submitted by,

DORA B.SCHIRO, and
TROOPERS TORNEO,
JACOBI, and BARONE

GEORGE JEPSEN
ATTORNEY GENERAL

/s/_____
Carmel A. Motherway
Assistant Attorney General
Federal Bar No. ct23175
110 Sherman Street
Hartford, CT  06105
Ph: (860) 808-5450/Fax: (860) 808-5591
carmel.motherway@ct.gov

## **CERTIFICATION**

I hereby certify that on March 27, 2017, a copy of the foregoing Objection was

filed electronically and served by mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing.  Parties

may access this filing through the Court's system.

/s/_____
Carmel A. Motherway
Assistant Attorney General