UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Michael Picard**,
*Plaintiff*

*v.*  No. 16-cv-1564

**Patrick Torneo**, **John Jacobi**, and **John Barone**,
*Defendants*

### Plaintiff's Reply in Further Support of His Motion for Contempt

After plaintiff Michael Picard issued a document subpoena to the third-party Connecticut State Police, that agency objected to producing any documents in response to five of the requests made in the subpoena. Although conclusory, the agency's objections were that: (1) a state-law evidentiary privilege applied to subpoena Request # 8;[1] (2) Requests ## 6-9 were overly broad;[2] (3) Requests ## 6-9 do not call for admissible evidence;[3] (4) Request # 8 was unduly burdensome;[4] and (5) Request # 8 called for information that is equally available to Mr. Picard as it is to the state police.[5] Mr. Picard moved to hold the agency in contempt and order immediate subpoena compliance [ECF # 15].

The agency opposed Mr. Picard's motion [ECF # 18], but made no argument to support of its objections. Instead, it opted to refer to arguments made by the defendants in support of their motion for a protective order [ECF # 16]. In light of the state police's failure to support its objections with legal argument, all of its subpoena objections have been abandoned, and the Court must order immediate production of the information sought.

---

1  State Police Subpoena Objs. [ECF # 15-2] at 4.
2  *Id.* at 5.
3  *Id.* at 5-6.
4  *Id.* at 6.
5  *Id.*

In its opposition to contempt, the state police conflates two distinct disputes: this dispute over Mr. Picard's subpoena, and the defendants' request for a protective order. They are two different questions.  If left unchallenged by Mr. Picard or permitted to stand by the Court, the state police subpoena objections would result in Mr. Picard's not obtaining any of the objected-to items.  On the other hand, if uncontested or granted by the Court, the defendants' motion for a protective order would result in some form of usage restrictions over the information flowing between the parties.[6]  As a result, the question of whether the defendants are entitled to a protective order is irrelevant to the question of whether the state police *must respond at all* to the document subpoena items five through nine–the subject of this motion.

On that question, the state police have chosen not to support any of the five subpoena objections with legal argument.  Its opposition is silent as to how a state law evidentiary privilege has any bearing on a federal question suit such as this one.  And its opposition devotes not one word to justifying the boilerplate invocations of overbreadth and undue burden, or either of the other subpoena objections interposed.  Because the state police has chosen not to support any of its subpoena objections with legal argument, each one of its objections is abandoned.  *See In re Perrier Bottled Water Litig.*, 138 F.R.D. 348, 352 n.2 (D. Conn. 1991) (deeming the defendant's failure to address merits of objections in opposition to a motion to compel as abandoning those objections); *Schiller v. City of N.Y.*, No. 04-cv-7921, 2007 WL 1461378, at *2 (S.D.N.Y. May 18, 2007) (treating defendant's undue burden objection as abandoned "since it does not mention that objection in its opposition to the plaintiffs' motion" to compel); *George v. Ford Motor Co.*, No. 03-cv-7643, 2007 WL 2398806, at *7 (S.D.N.Y. Aug. 17,

---

6   Mr. Picard has opposed the motion for a protective order in ECF # 17.

2

2007) (sustaining evidentiary objection where introducing party abandoned its attempts to use the evidence by "not even attempt[ing] to rebut" the objection); *Whitserve LLC v. Computer Patent Annuities N. Am.*, No. 04-cv-1897, 2006 WL 1273740, at *3 (D. Conn. May 9, 2006) (deeming objections to an interrogatory as having been abandoned when the objector made no arguments supporting the objections in opposition to a motion to compel). The Court must therefore grant Mr. Picard's motion and order the state police to immediately comply with his subpoena.

|  |  |
|---|---|
| /s/ Dan Barrett | /s/ Joseph R. Sastre |
| Dan Barrett (# ct29816) | Joseph R. Sastre (# ct28621) |
| ACLU Foundation of Connecticut | The Law Office of Joseph R. Sastre, LLC |
| 765 Asylum Avenue, 1st Floor | 67 Chestnut Street |
| Hartford, CT 06105 | Bristol, CT 06010 |
| (860) 471-8471 | (860) 261-5643 |
| e-filings@acluct.org | joseph.sastre@gmail.com |

April 6, 2017
*Counsel for Mr. Picard*

3

## Certificate of Service

I certify that a copy of foregoing was filed electronically on April 6, 2017. Notice of this filing will be sent by e-mail to all parties, and to the state police's counsel, Carmel Motherway, by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                                                   ____/s/ Dan Barrett____
                                                                                        Dan Barrett