UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PICARD | : | CIVIL NO. 3:16CV1564(WWE) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| PATRICK TORNEO, *et al.* | : | |
| *Defendants.* | : | MAY 28, 2019 |

### **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY OF CSP COLONEL STAVROS MELLEKAS**

Now come the Defendants in opposition to Plaintiff's May 6, 2019 motion to preclude the testimony of Colonel Mellekas in support of Defendants' Motion for Summary Judgment. Doc. 84. As reason therefor, it is a *fact* that then Captain Mellekas personally conducted an investigation of Plaintiff's allegations. *See* Col. Mellekas' Affidavit, Doc. 7-6, "Exhibit E," ¶¶ 79-81. It is further a *fact* that on December 7, 2016 then Captain Mellekas found that Defendants "acted reasonably under the circumstances." *Id.* At the summary judgment stage, this Court may find that these facts afford Defendants qualified immunity, or "'breathing room' to make reasonable—even if sometimes mistaken—decisions." *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012)(citation omitted)." Defendants offer the fact of Colonel Mellekas having made such a finding in support of the objective reasonableness of their actions. Thus, it cannot then be said as a fact that "*no* officer of reasonable competence could have made the same choice in similar circumstances." *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017) (internal quotation marks omitted) (emphasis added). The mere

1

fact that the Colonel made such a finding strongly militates in favor of a finding that defendants acted reasonably in the context of a qualified immunity determination.

**Colonel Mellekas' Testimony is Admissible for Purposes of Summary Judgment**

In support of their Motion for Summary Judgment, Defendants rely upon just two paragraphs from Colonel Mellekas' Affidavit in their Local Rule 56(a)1 Statement of Undisputed Material Facts wherein it is stated that Colonel Mellekas conducted an investigation, and found that Defendants "acted reasonably under the circumstances." See Defendants' Memorandum of Law, Doc. 76-1, p. 50, citing to Doc. 76-2, ¶¶ 79 and 81. The only mention of Colonel Mellekas in the entirety of Defendants' Memorandum in Support of their Motion for Summary Judgment is where Defendants posit that there is "no evidence to suggest that *no reasonable officer* would take the actions the Defendants took. Instead, there is only evidence to suggest that the Defendants acted reasonably under the circumstances." Doc. 76-1, p. 50. This two sentence reference to Colonel Mellekas constitutes a statement of fact *re* then Captain Mellekas' personal involvement in investigating and making a finding of reasonableness.

The fact that Colonel Mellekas conducted an investigation and concluded that the officers acted 'reasonably" is not "a previously undisclosed expert opinion." Plaintiffs Motion to Preclude, Doc. 84, p. 2. These are previously disclosed facts related to Colonel Mellekas' personal involvement in conducting an investigation and making findings related thereto. These facts have been known to Plaintiff since at least June 15, 2017, when the Department of Emergency Services and Public Protection produced Col. Mellekas' Internal Affairs Investigation, IA-16-005 in response to Plaintiff's

subpoena, #'d 397-488, after heretofore designating it "Confidential."[1] The expert opinions of then Captain Mellekas remain as disclosed in his Expert Disclosure. Defendants are not, however, proffering any of Captain Mellekas' previously disclosed "expert opinions" in support of their Motion for Summary Judgment as none are relevant to the determination of whether Defendants are entitled to qualified immunity.

It is further not accurate to dismiss Captain Mellekas' inquiry and findings as limited to "whether [Defendants] broke any of their employer's "state police employee conduct rules" or committed "workplace" "rule violations." Plaintiff's Motion to Preclude, Doc. 84, pp. 4-5.  In fact Captain Mellekas was specifically focused on the propriety of the Defendants' conduct of a "Terry" type "threshold inquiry." Captain Mellekas describes his investigation and conclusion thusly:

OFFENSES THAT MAY RESULT IN DISCIPLINARY ACTION:
14.2.2(d)I: Any violation of the A & O Manual not specifically mentioned To Wit: A & O Manual Chapter 19.1.2
Detaining Suspects And Other Persons
**a. Troopers may temporarily detain a suspect without performing an arrest**
**(1)** The U.S. Supreme Court has held that a trooper may stop a person to investigate behavior, which falls short of probable cause to arrest.
**(2)** Constitutional law does not require a trooper who lacks the precise degree of information necessary for probable cause to ignore suspicious conduct.
**(3)** However, no trooper or police officer shall stop, detain or search any person when such action is solely motivated by considerations of race, color, ethnicity, age, gender or sexual orientation and such action may constitute a violation of that person's civil rights (Section 54-11, C.G.S.).
**b. Conducting a threshold inquiry: "Terry Stops"**
**(1)** In *Terry v Ohio*, 392 U.S. 1, (1968), the U.S. Supreme Court decided that a police officer may briefly detain a person to determine a proper identity and to conduct a threshold inquiry.
**(a) Terry stops are allowed when articulated facts and circumstances lead a reasonable person to believe that criminal activity by a suspect has occurred or is about to occur.**

---

[1] The designation was vitiated, however, by DESPP's October 31, 2017 release of the IA report into the public domain in settlement of FOIA claim FIC-2017-0395.

**Recommendation: EXONERATED**
The investigation has proven beyond a preponderance of evidence that troopers interacting with Michael Picard acted reasonably, appropriately, and accordingly to conduct an investigation; that their response and actions were based upon information provided to them at the time. Further that based upon their investigation, certain information was substantiated or unsubstantiated; to which appropriate enforcement action was taken well within the troopers' discretion. In this case an infraction was issued.

CSP IA-16-005, pp. 29-30, bates #'d 454-455 (bold in original).

**Rule 701 Does Not Preclude This Court's Consideration of Mellekas' Findings**

Plaintiff's citation to Rule 701 as precluding this Court's consideration of Colonel Mellekas' investigation and subsequent finding of reasonableness is misplaced. Plaintiff cites to the concern expressed in 701(c) that "a party will not evade the expert witness disclosure requirements…by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701(c). Plaintiff's Motion to Preclude, Doc. 84, p.3. Colonel Mellekas was personally involved in investigating the complaint lodged against the Defendants. His testimony here is proffered solely as to fact of his investigation and the fact of his finding of reasonableness.

Rule 701 authorizes lay opinion testimony, with two express preconditions to its admissibility: first, the opinion evidence may be allowed only if the court finds that the opinion is "rationally based on" the witness's own perceptions; and second, it is to be allowed only if the court concludes that it will be "helpful" to a clear understanding of the witness's testimony or the determination of a fact in issue. *See* Fed.R.Evid. 701; *see also* Fed.R.Evid. 704(a) (opinion testimony on ultimate issue must be "otherwise admissible"). The rational-basis requirement "is the familiar requirement of first-hand knowledge or observation." Fed.R.Evid. 701 Advisory Committee Note on 1972

4

Proposed Rules; see Fed.R.Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Rule 701's helpfulness requirement is designed to provide "assurance[ ] against the admission of opinions which would merely tell the jury what result to reach." Fed.R.Evid. 704 Advisory Committee Note on 1972 Proposed Rules. *United States v. Rea*, 958 F.2d 1206, 1215–16 (2d Cir. 1992).

If one were to apply Rule 701, the fact of Colonel Mellekas having conducted an investigation and having made a finding of reasonableness is admissible. Colonel Mellekas has firsthand knowledge of the investigation he conducted. His testimony regarding his finding of reasonableness is relevant to this Court's a determination of a fact in issue: whether there is no evidence to suggest that *no reasonable officer* would take the actions the Defendants here took.

**Determination of Any Further Use of Mellekas' Expert Testimony Must Await Trial**

Plaintiff's Motion to preclude is overbroad at this juncture. For purposes of their Motion for Summary Judgment, Defendants do not seek to use those aspects of Colonel Mellekas' testimony outlined in Defendants' Disclosure that might properly be characterized as "expert" in nature. Determination of the use of Colonel Mellekas' expert opinions must await trial. Nor do Defendants seek to use the fact of Colonel Mellekas' investigation and conclusion to "instruct the court…."  Plaintiff's Motion to Preclude, Doc. 84, p. 7. It bears repeating, that here the only use for which Defendants proffer Colonel Mellekas testimony is for the *fact* that after personally conducting an investigation of the facts and circumstances confronting the Defendants on September 11, 2015, he concluded that the Defendants conduct was "reasonable."

5

In the summary judgment context, even if the Court could find that the Defendants violated some clearly established right, the Plaintiff's claims still fail if Defendants can show that their actions were objectively reasonable under the circumstances. *Oliveira v. Mayer,* 23 F.3d 642, 648 (2d Cir. 1994); see, e.g., *Anderson v. Creighton,* 483 U.S. 635, 639–40 (1987); *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997); accord, *Pritchett v. Alford,* 973 F.2d 307, 313 (4th Cir. 1992) (indicating that qualified immunity affords tolerance for mistakes of judgment traceable to unsettled law, faulty information, or contextual exigencies).

Here, Colonel Mellekas' finding of reasonableness is not being offered for its truth, but merely for the fact that it occurred. The indisputable fact that the Colonel made this finding, whether rightly or wrongly, buttresses defendants' position that it *cannot* be said that no reasonable officer would act in the manner Defendants did. The fact is that the now Commanding Officer of the Division of State Police said so as a Captain back on December 7, 2017, and reiterated it as the Colonel in his April 15, 2019 Affidavit in Support of Defendants' Motion for Summary Judgment.  Colonel Mellekas' finding of "reasonableness" simply means that it cannot be said that "every reasonable officer" would know that the Troopers' actions could constitute a violation of the Plaintiff's constitutional rights.  *Kass*, 864 F.3d at 206.

### III.   CONCLUSION

For all of the reasons set forth above, Defendants Barone, Jacobi, and Torneo respectfully request that this Court deny Plaintiff's Motion to Preclude at this juncture.

Respectfully submitted, by

DEFENDANTS,
Patrick Torneo, *at al.*

6

                    WILLIAM TONG
                    ATTORNEY GENERAL

BY: *Carmel A. Motherway*
     Carmel A. Motherway ct23175
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT  06105
     Tel: (860)808-5450 Fax: (860) 808-5591
     carmel.motherway@ct.gov

     *Janelle R. Medeiros*
     Janelle R. Medeiros, ct30514
     Assistant Attorney General
     Office of the Attorney General
     110 Sherman Street
     Hartford, CT  06105
     T: (860) 808-5450, F: (860) 808-5591
     Janelle.medeiros@ct.gov

     *Terrence O'Neill*
     Terrence M. O'Neill, ct10835
     Assistant Attorney General
     Office of the Attorney General
     110 Sherman Street
     Hartford, CT  06105
     T: (860) 808-5450, F: (860) 808-5591
     terrence.oneill@ct.gov

**CERTIFICATION**

I hereby certify that on May 28, 2019, a copy of the foregoing Opposition was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ _____
Carmel A. Motherway
Assistant Attorney General