UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Michael Picard**,
*Plaintiff*

*v.*                                                                                    No. 16-cv-1564

**Patrick Torneo**, **John Jacobi**, and **John Barone**,                June 1, 2019
*Defendants*

**Plaintiff's Reply in Further Support of
Precluding the Testimony of Stavros Mellekas**

1.  *Garcia* **Addressed and Forbade Exactly the Theory of Admissibility That Defendants Put Forth in Their Opposition**

In their opposition to preclusion [ECF # 87], the defendants do not address *United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2005), which forbids the admission of police testimony as Fed. R. Evid. 701 lay opinion if the witness's "reasoning process depended, in whole or in part, on his specialized training and experience." Instead, the defendants make the very argument that *Garcia* considered and rejected: that a police witness can tender admissible 701 testimony phrased as a narration of his investigative efforts "as long as the opinion was reached in the course of his investigation and based on [his] investigative work." *Id.* (internal quotation omitted). *See* Defs.' Opp. at 5 ("[T]he fact of . . . Mellekas having conducted an investigation and having made a finding of reasonableness is admissible . . . Mellekas has firsthand knowledge of the investigation he conducted.").

*Garcia* rejected precisely that theory of admissibility, because police testimony about the conduct of a police investigation necessarily fails Rule 701's foundational requirement that it be based on "reasoning processes familiar to the average person in everyday life." *Id.* The police employee who testifies about his investigation and its

1

conclusions does so on the basis of his specialized training and experience, the court explained, because laypeople in everyday life do not routinely conduct such investigations or interpret their results. *Id.* at 217. Hence, in the interest of preventing a party from "conferring an aura of expertise on a witness without satisfying the reliability standard set forth in Rule 702" for experts, the practice is banned in our circuit. *Id.* at 215.

Here, both the fact of Mellekas's having conducted an investigation, and the fruits of that investigation, are off-limits. The former is inadmissible because no claims in this action turn on whether the defendants' employer conducted a workplace investigation into their conduct; they turn on the defendants' actions on the side of Park Road that September night. The latter is inadmissible because the results of the investigation were the product of Mellekas's training and experience as a state police employee working in its internal affairs department. Dressing up the recounting of his reasonableness opinion in the guise of a factual statement does not sidestep that he reached result of his investigation based "in whole or in part, on his specialized training and experience." *Id.* at 216. *See also United States v. Haynes*, 729 F.3d 178, 195 (2d Cir. 2013) (improper to admit border patrol employee's testimony about the mechanical effects of stashing drugs in a fuel tank where said employee acquired that knowledge by conducting vehicle inspections for Customs and Border Patrol); *Munoz v. United States*, No. 07-cv-2080, 2008 WL 2942861, at *22 (E.D.N.Y. July 28, 2008) (same where purported lay witness "relied at least in part upon their law enforcement training and their experiences in other money laundering investigations" to offer explanations about the words and phrases used by a suspect during alleged drug transactions).

Having made the same argument rejected in *Garcia* without advancing any basis

for its overruling, the defendants must be held to its standard.  Mellekas's testimony is inadmissible.

**2.    Qualified Immunity is Not Proven by Simply Having a Colleague of the Defendants' Opine that What They Did Was Reasonable**

Secondly, the defendants suggest that so long as a defendant can produce a government employee to swear that the challenged conduct was reasonable, qualified immunity should attach regardless of the law, and that Mellekas's testimony goes to that point.  Defs.' Opp. to Preclusion 6.  This theory misstates the second prong of the qualified immunity inquiry.

After deciding that a federal right was violated by a defendant claiming qualified immunity, this Court determines whether the right was clearly established, that is, whether the defendant's violation of the law was "objectively legally reasonable in light of the legal rules that were clearly established at the time."  *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotation omitted).  Reasonableness is measured "by reference to clearly established law," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and so any nose-counting is of decisions and statutes rather than of public employees.

So, the defendants' theory paints them into a corner.  If Mellekas's testimony about his "finding of reasonableness is not being offered for its truth, but merely for the fact that it occurred," Defs.' Opp. to Preclusion 6, then it is irrelevant to resolving the legal question of whether the law was clearly established at the time the defendants did what they did to Mr. Picard.  If, on the other hand, his testimony about reasonableness is offered "on the propriety of the Defendants' conduct of a 'Terry' type 'threshold inquiry,'" *id.* 3, then it is an improper attempt to instruct the Court on the state of the

3

law on September 11, 2015.  In either event, it must be precluded.

### 3. If Mellekas's Investigation Solely Concerned a *Terry* Stop, Testimony About it is Irrelevant Because There is No Claim in this Case Over a *Terry* Stop

Lastly, in support of their cross-motion for summary judgment, the defendants offered Mellekas's testimony that the defendants overall "acted reasonably," "took appropriate action," that their criminal charge against Mr. Picard "was founded in fact," and that they were justified "to take possession of his gun, permit and camera." Mellekas Decl. [ECF # 76-7] ¶¶ 49, 44, 31, 19.  In their motion, they argue that Mellekas's proposed testimony creates qualified immunity for the defendants on all counts, inasmuch as it proves that "*none* of the actions of the Defendants were unreasonable."  Defs.' Memo in Support of Summ. J. [ECF # 76-1] at 50 (emphasis added).  *See also id.* at 49 (proclaiming that Mellekas's reasonableness conclusion serves as proof that the defendants should be immune from claims regarding seizure of Mr. Picard's camera).  In opposition to Mr. Picard's motion to preclude, however, the defendants concede that Mellekas's investigation was "specifically focused on the propriety of the Defendants' conduct of a 'Terry' type 'threshold inquiry.'"  Defs.' Opp. to Preclusion at 3.  In that case, Mellekas's testimony is wholly irrelevant whether lay opinion or not.

To be admissible, evidence must tend to make a fact more or less probable than it would be in the absence of the evidence, and the fact in question must be "of consequence in determining the action."  Fed. R. Evid. 401.  *Cf. Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016) (for summary judgment purposes, a material fact "is one capable of influencing the case's outcome under governing substantive law").

4

None of Mr. Picard's three claims against the defendants contests the propriety of a *Terry* stop, and none of the defenses depend upon a valid *Terry* stop having occurred. If the defendants now concede that Mellekas's investigation was based on nothing more than determining whether the defendants broke their employers' rules concerning *Terry* stops, then his testimony about the investigation is flatly inadmissible as having no tendency to make an outcome-determinative fact more or less probable. It must be disregarded in its entirety.

## 4. Conclusion

The defendants are barred from offering police testimony based on specialized training and experience as lay opinion. Having failed to show that the prohibition on such testimony should be overruled, and having failed to meet their burden of establishing the proper foundation for its admission, *e.g., United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004), the defendants may not use the testimony of Stavros Mellekas in this proceeding. Mr. Picard's motion [ECF # 84] should be granted.

      /s/ Dan Barrett                              /s/ Joseph R. Sastre  
Dan Barrett (# ct29816)             Joseph R. Sastre (# ct28621)  
ACLU Foundation of Connecticut   The Law Office of Joseph R. Sastre, LLC  
765 Asylum Avenue, 1st Floor      67 Chestnut Street  
Hartford, CT 06105                    Bristol, CT 06010  
(860) 471-8471                        (860) 261-5643  
e-filings@acluct.org                 joseph.sastre@gmail.com

## Certificate of Service

I certify that a copy of foregoing and its appendices was filed electronically on June 1, 2019. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                       /s/ Dan Barrett
                        Dan Barrett