UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL PICARD, 3:16cv1564(WWE)
    Plaintiff,

v.

PATRICK TORNEO, JOHN JACOBI, JOHN BARONE,
    Defendants.

## MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATION

In this action, plaintiff Michael Picard alleges that defendants Patrick Torneo, John Jacobi, and John Barone, who are all employed by the Connecticut state police, violated his First and Fourth Amendment rights pursuant to 42 U.S.C. § 1983. This Court granted summary judgment in defendants' favor on plaintiff's claim of violation of his First Amendment right to receive and memorialize information (count one); denied summary judgment on his claim of a Fourth Amendment violation of his right against warrantless seizure of property (count two); and denied summary judgment on his claim of retaliation based on his exercise of his First Amendment right to protest (count three).[1]

---

[1] The Court found no clearly established First Amendment right to record police activity.

Defendants move for reconsideration as to count three. For the following reasons, plaintiff's motion will be granted. Upon review, the Court finds that defendants are entitled to summary judgment on count three.

**DISCUSSION**

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Qualified immunity shields government officials performing discretionary functions from liability to the extent that their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The doctrine protects public officials from the risk of potentially ruinous monetary liability that would deter qualified people from

public service, and it safeguards the public interest in having government employees act with independence and without fear of consequences. Eng v. Coughlin, 858 F. 2d 889, 895 (2d Cir. 1988).

A party is entitled to summary judgment based on qualified immunity if the court finds that the rights of the plaintiff were not clearly established or that no reasonable jury could conclude that it was objectively unreasonable for the defendant to believe that he was not clearly violating an established federal right. Lee v. Sandberg, 136 F.3d 94, 102 (2d Cir. 1996).

In the first stage of the qualified immunity analysis, the court must consider whether the facts, taken in a light most favorable to the plaintiff, could show a constitutional violation. Cowan v. Breen, 352 F.3d 756, 761 (2d Cir. 2003). If so, the court must determine whether the right in question was clearly established at the time the violation occurred. Saucier v. Katz , 533 U.S. 194, 201 (2001).

In determining whether a right is clearly established, the court considers whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Poe v. Leonard, 282 F.3d 123, 132 (2d Cir. 2002). To determine whether a particular right was clearly established at the time defendants acted, the court should consider:

(1) whether the right in question was defined with "reasonable specificity"; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991). "When neither the Supreme Court nor this court has recognized a right, the law of our sister circuits and the holdings of district courts cannot act to render that right clearly established within the Second Circuit." Pabon v. Wright, 459 F.3d 241, 255 (2d Cir. 2006).

Thus, a qualified immunity defense is established where: "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998). The doctrine of qualified immunity recognizes that "reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier, 533 U.S. at 205. However, qualified immunity applies if the officer's mistake as to what the law requires is reasonable. Id. Qualified immunity does not apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged

4

violation.  Malley, 475 U.S. at 341.  Summary judgment is appropriate when a trier of fact would find that reasonable officers could disagree. Lennon v. Miller, 66 F.3d 416, 421 (2d Cir. 1995).

Plaintiff alleges that defendants charged him with the infractions to retaliate against him for his protected activities of protesting.  Defendants argue that summary judgment must enter on plaintiff's retaliation claims because the defendants acted with probable cause; no evidence indicates that defendants' actions were motivated or substantially caused by plaintiff's exercise of his First Amendment rights; and defendants' actions did not chill plaintiff's First Amendment rights.

To state his First Amendment retaliation claim, plaintiff must show that: (1) he has a right protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by plaintiff's exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment rights.  Curley v. Village of Suffern, 268 F.3d 65, 76 (2d Cir. 2001).  "Chilled speech is not necessary if plaintiff can establish that he suffered some other concrete harm."  Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).

In a recent decision, the United States Supreme Court held that a

5

"plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (May 28, 2019). In reviewing a challenged arrest, the Court should determine "whether the circumstances, viewed objectively, justify [the challenged] action," and if so justified, the Court should conclude that the challenged action "was reasonable *whatever* the subjective intent motivating the relevant officials." Id. at 1725. The Court elaborated that "probable cause speaks to objective reasonableness of an arrest," and "its absence will—as in retaliatory prosecution cases—generally provide weighty evidence that the officer's animus caused the arrest, where the presence of probable cause will suggest the opposite." Id. at 1724. The Court qualified that the "no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." Id. at 1727.

Generally, probable cause to arrest exists when the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a

6

crime." Weyant v. Okst, 101 F.3d 845, 851 (2d Cir. 1996). Probable cause is a "fluid concept—turning on the assessment of probabilities in particular factual context…[;]" it is evaluated according to the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 232-33 (1983); Jenkins v. City of New York, 478 F.3d 76, 90 (2d Cir. 2007). "A tip from an anonymous informant—"though it will seldom demonstrate basis of knowledge and the veracity of an anonymous informant is largely unknowable—can form the basis of reasonable suspicion or probable cause if it is sufficiently corroborated." Roberts v. Azize, 767 Fed. Appx. 196 (2d Cir. April 25, 2019). The probable cause determination is objective; it should be made without regard to the officer's subjective motives or belief as to the existence of probable cause. Barnett v. City of Yonkers, 2018 WL 469026, at *7 (S.D.N.Y. Sept. 28, 2019).

In this instance, defendants could observe that plaintiff had a firearm in plain view while standing in a congested area at the bottom of an on-ramp I-84. Defendants maintain that they had probable cause to charge him with disorderly conduct in violation of Connecticut General Statutes §

53a-182,[2] or causing a public disturbance in violation of Connecticut General Statutes § 53a-181a.[3] Defendants assert that their observation of plaintiff standing on the on-ramp triangle provided them with probable cause to believe that plaintiff had recklessly crossed a busy four-lane road or the highway on-ramp to access the triangular island, thereby disregarding "his own safety or the safety of any person in the manner of his use of any street or highway" in violation of Connecticut General Statutes § 53-182, which provides:

---

[2] "A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise; or (4) without lawful authority, disturbs any lawful assembly or meeting of persons; or (5) obstructs vehicular or pedestrian traffic; or (6) congregates with other persons in a public place and refuses to comply with a reasonable official request or order to disperse; or (7) commits simple trespass, as provided in section 53a-110a, and observes, in other than a casual or cursory manner, another person (A) without the knowledge or consent of such other person, (B) while such other person is inside a dwelling, as defined in section 53a-100, and not in plain view, and (C) under circumstances where such other person has a reasonable expectation of privacy."

[3] A person is guilty of creating a public disturbance when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) annoys or interferes with another person by offensive conduct; or (3) makes unreasonable noise.

8

> Any pedestrian who uses any street or highway negligently or recklessly or fails to obey the signal of any traffic officer, pedestrian control, sign, signal, marking or device or recklessly disregards his own safety or the safety of any person by the manner of his use of any street or highway shall be deemed to have committed an infraction and be fined not less than thirty-five dollars nor more than fifty dollars.

Upon review, the Court finds that summary judgment should enter in defendants' favor on the retaliation claim in count three. It is undisputed that plaintiffs' standing position indicated that he had crossed a busy four-lane road or I-84, and that he was in an area where he could easily be hit by on-coming traffic, thereby potentially creating a risk to himself and other motorists. Accordingly, defendants had at least arguable probable cause to charge plaintiff with reckless use of a highway and creating a public disturbance. Plaintiff has not made a showing of "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." See Nieves, 139 S.Ct. at 1727.

Alternatively, the Court finds that qualified immunity applies because the undisputed facts demonstrate that reasonable officers could disagree about whether it was objectively reasonable for defendants to believe that

charging plaintiff with the infractions did not violate such law.  Lennon, 66 F.3d at 421.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration (doc. 97) is GRANTED as to count three.  Defendants are entitled to summary judgment on count three.

Dated this 4th day of October, 2019 at Bridgeport, Connecticut.

/s/Warren W. Eginton_____
WARREN W. EGINTON
SENIOR U.S. DISTRICT JUDGE